IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS CLAY SHARPLESS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil No. 3:13-CV-2297-D |
| VS. | § | |
| | § | |
| DENNIS CLAY SHARPLESS, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Plaintiff Dennis Clay Sharpless ("Sharpless") filed on June 18, 2013 a *pro se* civil action in which he requests to file a complaint against himself on the charge of perjury.

Court records show that Sharpless has filed over 130 lawsuits in federal courts in Texas. *See Sharpless v. Livingston*, No. 4:10-CV-5184 (S.D. Tex. Jan. 5, 2011). At least seven cases have been dismissed as frivolous or for failure to state a claim. *See Sharpless v. Prison F89-94718-MA*, No. 3:05-CV-1125-R (N.D. Tex. June 7, 2005) (Kaplan, J.), *rec. adopted*, (N.D. Tex. Aug. 5, 2005) (Buchmeyer, J.). This litigiousness has prompted judges in the Northern, Southern, and Eastern Districts of Texas to sanction Sharpless on numerous occasions. *See, e.g., Sharpless v. Grievance # 2004145525*, 2004 WL 2297353, at *1-2 (N.D. Tex. Oct. 13, 2004) (Robinson, J.); *see also Sharpless v. Food Serv. Dep't*, 2011 WL 1497058, at *1-*2 (S.D. Tex. Apr. 18, 2011). Sharpless has been assessed monetary sanctions at least 15 times, including what appears to be an unpaid $300 sanction imposed in Civil Action No. 4:01-CV-3960 in the Southern District of Texas. *See Sharpless v. Food Serv. Dep't*, 2011 WL 1497058, at *2. And Sharpless has been barred from filing any new civil actions unless he first pays the required filing fee, establishes that he has satisfied all monetary sanctions against him, and obtains permission from a judicial officer in the Southern

District of Texas.  *See id.*; *see also Sharpless v. Officer Pulling Duty*, No. H-11-0935 (S.D. Tex. Mar. 23, 2011).

This court will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant.  *See* Misc. Order No. 48 (N.D. Tex. Nov. 15, 1993).  Sharpless appears to have been released from Texas Department of Criminal Justice custody, so he is a non-prisoner and the Prisoner Litigation Reform Act does not apply to this civil action.  But "[i]n cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes."  *Roy v. Ass'n Comm. to Elect Rev Dr. Kamal K. Roy*, 2008 WL 1970945, at *2 (N.D. Tex. Apr. 10, 2008) (Sanderson, J.) (quoting *Sparkman v. Charles Schwab & Co.*, No. 3:07-CV-1457-B (N.D. Tex. Feb. 29, 2008) (Boyle, J.)), *rec. adopted*, (N.D. Tex. May 5, 2008) (Godbey, J.); *see also Sheehan v. State of Texas*, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) (Sanderson, J.) ("The proper administration of justice requires that courts apply the above rules [including Misc. Order No. 48] to prisoner and nonprisoner litigants alike."), *rec. adopted*, (N.D. Tex. Sept. 9, 2005) (Kinkeade, J.).  Accordingly, this court can enforce the sanction orders of the Southern and Eastern Districts of Texas.

This civil action is therefore dismissed without prejudice, provided that, before reasserting these claims in a subsequent suit, Sharpless must first pay the entire filing fee, demonstrate that he has satisfied all the monetary sanctions outstanding against him, and obtain judicial permission

before filing.

**SO ORDERED**.

July 2, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE